IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      Case No. 3:14mc53/MCR

KENT E. HOVIND,

      Defendant.
_____/

**<u>DEFENDANT'S MOTION FOR RECONSIDERATION AND DISMISSAL OF NOTICE OF CRIMINAL CONTEMPT PROCEEDINGS AND SHOW CAUSE ORDER</u>**

      COMES NOW the defendant, KENT E. HOVIND ("Hovind"), by and through his undersigned attorney, and moves the court to reconsider and dismiss its Notice of Criminal Contempt Proceedings and Show Cause Order (in the interests of justice, judicial economy and other reasons).  In support of this motion, Hovind states:

      1. On July 8, 2014, the Court entered its Notice of Criminal Contempt Proceedings and Show Cause Order (the Notice)(doc. 1).  The Notice was filed as a result of the Order entered by the Court on the same date in Hovind's original case (3:06cr83) granting the government's motion to require Hovind "to show cause why he should not be held in criminal contempt for violating an order of the Court" (doc. 476).  The government's original motion to show cause had been filed on August 22, 2013 (doc. 465), and a renewed motion to show cause was filed on November 12, 2013 (doc. 479).  Hovind *pro se* had filed motions opposing both the

government's motions (docs. 466 and 471) stating, among other things, that he was not a party in the case that generated the order that he had allegedly violated (3:12cv136) and had not recieved "actual or constructive notice of the order" or the motion underlying it.

2. The Notice scheduled a jury trial regarding the matter and ordered Hovind brought to this district by the U.S. Marshal for the trial.  Hovind made his initial appearance in this district on August 15, 2014, at which the Office of the Federal Public Defender was appointed to represent him.  Undersigned counsel (counsel) was subsequently assigned to handle the case.  The Notice had scheduled the jury trial for September 8, 2014, but the Court subsequently granted Hovind's motion to continue the trial date and rescheduled it for November 3, 2014.

3. Counsel has been preparing for trial (Mr. Hovind maintains that he did not knowingly or willfully violate the order in question).  Counsel has met with Hovind at the Santa Rosa County Jail on a number of occasions and has, among other things, been reviewing records, documents, recordings, etc. that the government has stated it may try to introduce into evidence at the trial (see appended letters to counsel from Tiffany Eggers for a nonexhaustive list of the discovery material).  As can be seen, the discovery material includes numerous emails and telephone calls involving Hovind obtained from the Bureau of Prisons for the period from approximately July 5, 2013, to approximately January 1, 2014, and from June 10, 2014 to July 30, 2014 (a period that is <u>after</u> Hovind filed the *lis pendens* in question in late May 2013 — earlier emails and telephone calls cannot be obtained because they were not kept that long).  Counsel has read the emails and listened to the telephone calls that the government has noted are most pertinent (and several that are not noted by the government).  Some of the emails and telephone calls show that Hovind was responsible for filing the *lis pendens* in question (a matter

that is not disputed). However, in counsel's opinion, there are none that tend to disprove Hovind's position that he did not knowingly and willfully violate the order in question. In fact, in counsel's opinion, there are one or more that tend to support his position. Counsel is unaware of any other evidence (other than emails and telephone calls) that tends to establish with the necessary certainty that Hovind acted with the requisite intent. Counsel certainly has not seen any "smoking gun" type evidence so to speak. He understands that the government may have a different view of the anticipated evidence and its significance. His purpose in discussing his review of the discovery material is to inform the Court that he believes that at a trial the evidence will be far from clear regarding Hovind's intent and the issue will be a difficult one for the jury to <u>accurately</u> determine. The jury will most likely need to read/consider prior court filings (among other things), some of which are quite lengthy, to try to decide the intent issue (something that makes this case unusual). Hovind would want to try to introduce his own prior court filings, and other filings, regarding the intent issue. For purposes of the instant motion for reconsideration Hovind asks the Court to consider the unique difficulties in trying this case and the anticipated uncertainty of the evidence regarding the main issue in the case, i.e., his intent, and, of course, his position that he did not knowingly and willfully violate the order in question. This should be considered in conjunction with the time and expense of a trial to all involved.

    4. In addition to what has been stated above, Hovind asks the Court to consider that the effect of the filing of the *lis pendens* in question was to somewhat delay the sale of the properties in question to Hovind's own family members. All of the properties in question have now been sold to Hovind's family members (or to a company owned by a family member). Some were sold before the Court entered the Notice and some just after. To the best of counsel's knowledge,

<u>all</u> of the properties that were seized by the government as a result of Hovind's original case have been sold or disposed of.  Thus, there is no future danger of liens or *lis pendens* being filed against seized property (Hovind has no intent to do so anyway).  The harm caused by Hovind's filing of the *lis pendens* was minimal.

   4.  In addition, Hovind asks the Court to consider that he has already suffered consequences as a result of the Notice.  When the Notice was filed, Hovind was in the process of being transferred to the Federal Prison Camp in Yazoo City (he has served all of his sentence at camps with the exception of time periods when he was being transferred from one camp to another).  Because of the Notice, he was instead brought to the Santa Rosa County Jail where he has been since shortly before his initial appearance on August 15th.  Being incarcerated at the county jail is obviously much more difficult than being at a camp.  Beyond that, by not being at the camp, Hovind cannot be considered for halfway house placement (officials at the camp have informed counsel of this).  Hovind has, counsel believes, been approved for house arrest starting in February 2015 (his release date is August 2015), but he is eligible for halfway house placement prior to going to house arrest.  By being at the county jail, he is losing the opportunity to be considered for halfway house placement.  His house arrest placement may also be in jeopardy.  He clearly has been and is suffering consequences as a result of the Notice.

   5.  This Court clearly has the power to bring a criminal contempt charge and the power to dismiss it (see appended case of <u>U.S. v. Kelsey-Hayes Co., *et. al*</u>).  As stated in <u>Kelsey-Hayes</u>:

> Criminal contempt proceedings are *sui generis* —different from the ordinary criminal proceeding.  The Court, whose authority or dignity is impugned, has the inherent power to control criminal contempt proceedings, including the authority to order them dismissed at any time *before* trial or thereafter when he concludes that the government's admission of basic facts and statements of position are such

4

that it is manifest to the Court as a matter of law that there was no wilful contumacious violation of the Consent Decree by respondents and that, at all events, there is a lack of probable cause <u>or that further prosecution will not serve the public interest and is unnecessary to safeguard or preserve the "authority or dignity of the Court" or its orders.</u>

(emphasis added).  Hovind asks the Court to consider whether in light of all pertinent factors (whether discussed in this motion or not), the continuation of this proceeding serves the public interest and the interests of justice or of judicial economy, and is <u>necessary</u> to try to achieve a goal that must be achieved.  After doing so, he hopes the Court will find that the continuation of this proceeding is <u>unnecessary</u> and dismiss the Notice.

      WHEREFORE, Hovind moves the Court to grant the requested relief.  It is assumed that the government opposes this motion.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing has been furnished to TIFFANY EGGERS, Assistant United States Attorney, 21 E. Garden Street, Suite 400, Pensacola, FL 32502, by Notice of Electronic Filing this 22nd day of October 2014.

      */s/ Thomas S. Keith*
THOMAS S. KEITH
Florida Bar No. 0243078
Attorney for Defendant
3 W. Garden Street, Suite 200
Pensacola, FL  32502
Thomas_Keith@fd.org
(850) 432-1418